UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
NOV 20  3 15 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

Mary MAURER,
    Plaintiff

vs.

Case No: 3:00cv1761 (PCD)

TRANS WORLD AIRLINES, INC.,
THE INTERNATIONAL ASSOCIATION
OF MACHINISTS, and Sherry COOPER,
in her official capacity and her capacity as
an individual,
    Defendant

## RULING ON MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for Default Judgment [Doc. No. 64] against the only remaining Defendant Trans World Airlines ("TWA"). For the reasons stated herein, Plaintiff's Motion is **granted**.

### I. BACKGROUND:

Plaintiff filed the present action alleging a breach of fiduciary duty pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. (Count One); a failure to pay benefits due, also pursuant to ERISA (Count Two); violations of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, et seq. and the Railway Labor Act ("RLA"), 45 U.S.C. § 151, et seq. (Count Three); breach of a common law fiduciary duty (Count Four), misrepresentation (Count Five); and negligent infliction of emotional distress (Count Six). Summary judgment was granted against Plaintiff as to Counts Three through Six

1

[Doc. No. 63]. However, a default was entered against Defendant TWA[1] as to Counts One and Two [Doc. No. 63] for failure to appear.

Plaintiff now seeks damages amounting to $25,487.25 plus $6,173.42 interest for back pay on retirement benefits she alleges she should have received, $39,950.83 front payment on those benefits, and a declaration of entitlement to retiree dental and medical benefits. Despite being afforded time to do so, Defendant has failed to respond Plaintiff's Motion. Accordingly, Plaintiff's Motion will now be considered absent opposition.

## II. STANDARD OF REVIEW:

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert denied 506 U.S. 1080, 122 L. Ed. 2d 357, 113 S. Ct. 1049 (1993) (citation omitted). When determining damages, a district court "may conduct such hearings or order such references as it deems necessary." Fed. R. Civ. P. 55(b)(2). However, a hearing is not necessary so "long as [the district court] ensure[s] that there [is] a basis for the damages specified in the default judgment. Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). "Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, 973 F.2d at 158.

---

[1] As TWA is the sole Defendant named in Counts One and Two, TWA is the only remaining Defendant in the present action. Accordingly, this Ruling is addressed only to claims made by Plaintiff against TWA.

**III. ANALYSIS:**

For the purposes of this Ruling, Plaintiffs allegations in Counts One and Two are deemed well-pleaded and it is admitted that: Defendant breached its fiduciary duty to Plaintiff when it failed to inform her of her eligibility for disability benefits under the Retirement Plan for Flight Attendants of Trans World Airlines, Inc. ("Plan") and unjustifiably denied Plaintiff benefits under the Plan.

Relying on a "1997 Personal Statements of Benefits for Flight Attendants as of June 30, 1997," Plaintiff establishes her "Monthly Single Life Benefit" as $387.78. Pl. Mem. Supp. Motion for Default J., Ex. C, see also Ex. D (Plaintiff's affidavit attesting to the same). Plaintiff thus calculates her daily benefit to be $12.75 ($387.78 per month x 12 months = $4,653.36 ÷ 365). Plaintiff determines that during the period between September 18, 1997 through March 9, 2003, 1999 days passed and that Plaintiff is entitled to $25,487.25 in back pay ($12.75 per day x 1999 days). Interest is calculated at an average interest rate of .0442. See Id., Ex. G (Establishing basis for interest rate from the average quarterly rate of the one-year Treasury Bill). As a result, .0442 x 5.48 (time in years) x $25,487.25 = $6,173.42 in interest to be added to the $25,487.25 in back pay to total $31,660.67.

Plaintiff also requests front pay for the period from March 10, 2003 through March 10, 2013, the point at which "she will be eligible receive normal retirement benefits."[2] Id. at 5. She calculates her benefits at $36,950.83 at a 4.77% average annual rate of return. Id at 5, see also Ex. E (Affidavit of CPA Richard Hoyt explaining the calculations).

---

[2] It is unclear from Plaintiff's Motion why she will be eligible for "normal retirement benefits" as of this date.

3

Finally, Plaintiff requests a declaration that she is entitled to medical and dental coverage under the Plan. Id. at 5. The Plan establishes that employees retiring (disability retirement or otherwise) will retain medical benefits until the retiree becomes eligible for Medicare "solely on the basis of age." Id., Ex. F. If the retiree becomes eligible for Medicare prior to the age of 65, medical coverage will continued "until the first of the month in which [the retiree] become[s] age 65." Id. For those employees who retire under the Plan after August 1, 1981 (of which Plaintiff is one based on her termination date of September 18, 1997), "dental coverage will continue effective April 12, 1983, until the first of the month in which [the retiree] become[s] age 65. Id.

As Defendant has failed to defend this action and because Plaintiff's requested damages are "susceptible of mathematical computation," a hearing is unnecessary. Greyhound Exhibitgroup, 973 F.2d at 158. Plaintiff is hereby awarded damages for back pay in the amount of $25,487.25. With respect to interest on the back pay, Plaintiff is awarded $3,086.71.[3] Thus, Plaintiff's total damage award for back pay is **$28,573.96**. She is also awarded front pay for the period of March 10, 2003 through November 20, 2003 (the date of this Ruling). Damages for this period total **$3,365.18**.[4] As Plaintiff has not yet earned benefits beyond this date, she cannot be awarded front pay past the date of this Ruling. However, it is **declared** that Plaintiff is entitled to continue to receive retirement benefits until she becomes ineligible for such benefits

---

[3] Plaintiff calculates interest based on the total time in years for which she was entitled to benefits (5.48). However, not all payments have been due and unpaid for that period of time. Thus, the average time in years for which payments are due and unpaid (2.74) is used to reach the following result: .0442 x 2.74 (average time in years) x $25,487.25 = $3,086.71.

[4] Plaintiff is entitled to 256 days of payment for the period between March 10, 2003 and November 20, 2003. 256 x 12.75 per day = $3,264.00 before interest. Interest is calculated at $101.18 using Plaintiff's interest calculation for back pay, because this is now, in effect, back pay. .0442 (average interest) x .7013 (time in years - 256 ÷ 365) x $3,264.00 = $101.18 interest. The total is $3,365.18.

4

as determined by the terms of the Plan in effect at the time of her termination. Additionally, it is **declared** that she is entitled to medical and dental coverage according to the cited provisions of the Plan.

## IV. CONCLUSION:

For the reasons stated herein, Plaintiff's Motion for Default Judgment [Doc. No. 64] is **granted**. Plaintiff is awarded monetary damages $28,573.96 plus $3,365.18, a total of **$31,939.14,** plus a declaration of entitlement to future benefits and compensation. The clerk shall close the file.

SO ORDERED.

Dated at New Haven, Connecticut, November 2/?, 2003.

Peter C. Dorsey, U.S. District Judge
United States District Court

5